

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-3957
Re: Are probate matters "cases"
within the meaning of that term
as used in House Bill 1080
with reference to establish-
ment of a county law library
in Nueces County?

Your letter of September 12, 1941, asking our
opinion on the above question, has been received. We quote
from your letter:

"During the last session of Legislature
House Bill 1080 was passed and approved on
July 1, 1941, with reference to the establish-
ing of a County Law Library in Nueces County,
Texas.

"The House Bill stated practically the
same terms as Article 1702A of the Revised
Civil Statutes, that the amount to be collect-
ed in every case Civil or Criminal except funds
for delinquent taxes hereafter filed in every
County and/or District Court, Civil or Crim-
inal.

"The question before us at this time is
whether or not probate matters are considered
in this category. . . ."

The portion of House Bill No. 1080 which raises
this question is as follows:

"Sec. 2. For the purpose of establishing
'County Law Libraries' after the entry of such

Honorable C. J. Wilde, Page 2

order, there shall be taxed, collected, and
paid as other costs the sum of One Dollar ($1)
in each case, civil or criminal, except suits
for delinquent taxes, hereafter filed in every
County or District Court; provided however, that
in no event shall the county be liable for
said costs in any case. Such costs shall be
collected by the Clerks of the respective
Courts in said counties and paid by said Clerk
to the County Treasurer to be kept by said
Treasurer in a separate fund to be known as
the 'County Law Library Fund.' Such fund
shall be administered by said Courts for the
purchase and maintenance of a law library in
a convenient and accessible place, and said
fund shall not be used for any other purpose."

In determining whether such sum of One Dollar
($1.00) shall be taxed as other costs in probate matters,
we must first determine what is meant by the word "case"
as used in this statute.

The definitions given by the courts to the word
"case" are many and conflicting. The Supreme Court of
Texas has defined it as "a question contested before a
court of justice; an action or suit in law or equity" (Ex
parte Towles, 48 Tex. 413, 433; Slaven v. Wheeler, 58 Tex.
23, 23). Yet in the latter case cited the Supreme Court
gave the word a different meaning in holding a judge dis-
qualified to try a case in which he had merely advised
one of the parties long before any suit was filed.

One of the definitions favored is "a state of
facts which furnishes occasion for the exercise of the
jurisdiction of a court of justice." (1 Corpus Juris 933)
This definition of "case" seems to have been followed by
the United States Circuit Court for the District of Califor-
nia in the case of County of San Mateo v. Southern Pacific
Ry. Co., 13 Fed. 145, 147, from which we quote:

"By the federal constitution, the judi-
cial power of the United States extends to
all cases in law and equity arising under it,
and under the laws of the United States, and
treaties made under their authority. The act

Honorable C. J. Wilde, Page 3

of 1875, in its first section, invests the circuit courts of the United States with original cognizance, concurrent with the courts of the several states, 'of all suits of a civil nature, at common law or in equity, thus arising, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars.' Its second section declares that any suit of that character thus arising, brought in a state court, may be removed by either party into the circuit court of the United States. The terms used in the act - 'Suits of a civil nature' - are less comprehensive than the term 'cases' in the constitution. The latter may embrace proceedings not usually or strictly termed suits, and prosecutions of a criminal nature. . . ."

The Courts of Civil Appeals and the Supreme Court of Texas appear to have considered probate matters to be "civil cases", inasmuch as they have repeatedly taken jurisdiction on appeals of probate matters from the district court, whereas, under the Constitution their jurisdiction extends only to civil cases. Constitution, Article V, Sections 3 and 6.

And the Legislature of Texas seems also to have considered probate matters as "civil cases". Witness the language used in Article 1821, Revised Civil Statutes of 1925:

"The judgments of the Courts of Civil Appeals shall be conclusive on the law and facts, nor shall a writ of error be allowed thereto from the Supreme Court in the following cases, to wit:

"(1) Any civil case appealed from the county court or from a district court, when, under the Constitution, a county court would have had original or appellate jurisdiction to try it, except in probate matters . . ." (Underlining ours)

Also, the language used in Article 3702, relating to appeals of probate matters to the district court:

"Such cases shall be tried de novo in the district court, and shall be governed

by the same rules of procedure as <u>other civil cases in said court</u>." (Underlining ours)

When such a meaning is ascribed to the word "case" as used in House Bill No. 1080, probate proceedings, whether contested or not, fall within its terms. And we believe such a construction is within the apparent intent of the Legislature in enacting it.

You are therefore respectfully advised that it is our opinion that probate matters are among the cases in which House Bill No. 1080 directs that the sum of One Dollar ($1.00) shall be taxed as costs for the purpose of establishing and maintaining a County Law Library (assuming, of course, that the Commissioners' Court has first entered its order for that purpose).

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 3, 1941

FIRST ASSISTANT
ATTORNEY GENERAL.

By

W. R. Allen
Assistant

WRA:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN